IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW BAKER,                    :
      Plaintiff           :
                          :
      vs.                 :    CIVIL NO. 1:CV-06-0932
                          :
BOROUGH OF PORT ROYAL,           :
PENNSYLVANIA
      Defendant           :

M E M O R A N D U M

*I.   Introduction*

      Plaintiff, Andrew Baker ("Baker"), a police officer formerly employed by Defendant, Borough of Port Royal ("Port Royal"), filed a three count complaint pursuant to 42 U.S.C. § 1983 claiming Port Royal violated his due process rights.  Baker argues that Port Royal did so by dissolving its police force in bad faith instead of providing him a pre-termination, "just cause" hearing.  The first two counts seek relief based on Baker's alleged property interest in continued employment as a Port Royal police officer.  Baker argues that one of two Pennsylvania statutes creates this property interest.  The third count seeks a writ of mandamus under Pennsylvania law requiring Port Royal to reestablish its police force, reinstate Baker's employment, and pay him damages.

      We are considering Port Royal's motion to dismiss Baker's complaint for failing to state a claim upon which relief

may be granted.  In the alternative, Port Royal moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Additionally, Baker seeks to remove Count III from his complaint.  For the reasons discussed below, we will notify the parties of our intent to convert Port Royal's motion to dismiss into a motion for summary judgment.  Accordingly, we will provide the parties with time in which they may submit additional materials supporting or opposing summary judgment. Finally, we will treat Baker's complaint as amended to remove Count III.

*II.   Background*

Baker was a full-time Officer in Charge of the Borough of Port Royal Police Department until August 1, 2004.  Baker alleges that the Port Royal Police Department had two other officers: Richard Curran and Mary Woods.  When Officer Curran resigned sometime in 2003, Port Royal moved Officer Woods from a part-time to a full-time position.  Port Royal did not fill Officer Curran's vacated position, and it remained open until the police department's dissolution in August 2004.

In addition to its law enforcement duties in the Borough of Port Royal, the police department served Fermanagh Township and Mifflintown Borough under contracts negotiated between the municipalities.  Baker's claim pertains to the circumstances surrounding the loss of these law enforcement

contracts and Port Royal Borough Council's ultimate decision to dissolve the police department on August 1, 2004.

Prior to dissolving the police department, Port Royal purportedly lost its law enforcement service contracts with both Fermanagh Township and Mifflintown Borough.  First, in January 2004, Fermanagh Township discontinued its contract for police service.  In response to the loss of $26,000 of revenue from that contract, the Borough Council reduced the number of hours of police coverage within Port Royal.  At a later Borough Council meeting, the Council approved an increase in the hourly rate charged to Mifflintown for Port Royal's police services, and in response, Mifflintown terminated its contract with Port Royal effective August 1, 2004.

In July 2004, the Borough Council dissolved Port Royal's police department.  Consequently, Baker's position as Officer in Charge of the Port Royal Police Department was eliminated.  Baker filed this § 1983 action claiming that Port Royal acted in bad faith.  Specifically, Baker claims that the Borough's asserted financial reasons for dissolving the police department were a pretext for its true desire to remove Baker without providing a pre-termination hearing.

According to Baker, Port Royal's pretextual decision violated the Pennsylvania Borough Code or the Police Tenure Act, two Pennsylvania statutes concerning employment of police

officers in the Commonwealth of Pennsylvania.[1]  Baker contends that each of these Pennsylvania statutes requires a hearing for a police officer prior to termination of employment.  According to Baker, the pre-termination requirement created a property interest in his employment as Officer in Charge.  Baker contends that Port Royal's decision to dissolve the entire police department was made in bad faith and deprived him of this property interest.  Therefore, Baker concludes, Port Royal's actions violated his Fourteenth Amendment rights and are actionable under 42 U.S.C. § 1983.

Port Royal has filed a motion to dismiss Baker's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Port Royal's brief in support of its motion alternatively seeks summary judgment and includes an appendix of exhibits containing minutes of relevant Borough Council meetings and the Borough's annual budget.

---

[1] Counts I and II of Baker's complaint are framed in the alternative because the applicable Pennsylvania statute is determined by the number of police officers employed when Port Royal dissolved the police force.  Count I alleges a deprivation of Baker's property interest created by 53 P.S. §§ 46190 and 46191.  Count II bases Baker's property interest on The Police Tenure Act, 53 P.S. §§ 811-16, the sections of which are applicable to Pennsylvania boroughs with a police force of fewer than three members.  Both statutes create a right to a pre-termination hearing in similar situations, and, as admitted by the parties, the choice of one statute has no effect on the outcome of the dispute.

4

*III.  Discussion*

    *A.  Baker's Amendment of the Complaint*
        *to Remove Count III*

In Baker's opposition to Port Royal's motion to dismiss, Baker notes that he is "discontinuing his claim under Count III and asks that the Court treat his Complaint as so amended." (doc. 15, p. 3)  According to Baker, the relief requested in Count III of his complaint is substantially similar to the relief requested in Counts I and II and is, therefore, unnecessary.  We will treat Baker's complaint as amended to remove Count III.

A party seeking to remove one claim in a multi-count complaint may do so by amending the original complaint pursuant to Federal Rule of Civil Procedure 15(a).  9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (Supp. 2006).  Rule 15(a) allows a party to "amend the party's pleading once as a matter of course" prior to the filing of responsive pleadings.  A motion to dismiss and a motion for summary judgment are not "responsive pleadings" for purposes of Rule 15(a).  *Kelly v. Del. River Joint Comm'n*, 187 F.2d 93, 94 (3d Cir. 1951); 6 WRIGHT & MILLER at § 1483.  Therefore, because Baker deleted Count III prior to the expiration of the period for amending his complaint as a matter of course, we will treat the complaint as amended to reflect the removal of Count III.

  *B. Port Royal's Motion to Dismiss*
    *Baker's Complaint*

  Port Royal moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and presents three arguments in support of its motion.  First, according to Port Royal, the relevant Pennsylvania employment statutes do not provide a protected property interest when the decision to end Baker's employment was economically-driven and part of the dissolution of the entire police department.  Second, Port Royal claims that because its decision to disband the police department was purely financial, it was not a pretext for removing Baker without a pre-termination hearing.  Finally, Port Royal contends that Baker's Fourteenth Amendment due process rights were not infringed because the dissolution of the police department was a bona-fide cost-cutting action for which a pre-termination hearing is not required.

  A motion to dismiss for failure to state a claim tests the sufficiency of the allegations contained in the plaintiff's complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  A court will not grant a motion to dismiss pursuant to Rule 12(b)(6) unless it is apparent that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.  *Seinfeld v. Becherer*, 461 F.3d 365, 367 n.1 (3d Cir. 2006).  A court must accept as true all well-pleaded allegations in the plaintiff's complaint and draw all reasonable inferences

from the complaint in the light most favorable to the non-moving party.  *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

Turning to Port Royal's motion, we reject Port Royal's first argument.  Pennsylvania courts have recognized--and Port Royal has admitted--that police officers may have a claim for violation of an entitlement to continued employment in circumstances where the municipality's decision was merely a pretext to remove the officer.  Pennsylvania courts have found pretext where: (1) the police department or position was dissolved and subsequently recreated in a similar form, or (2) the department or position was eliminated to circumvent a court order requiring an employee's reinstatement.  *(*doc. 8, p. 14); *see also Twp. of Perkiomen v. Mest*, 522 A.2d 516 (1987). According to the allegations in Baker's complaint, which we must accept as true, Port Royal's decision to dissolve the police department was made in bad faith.  Therefore, the Police Tenure Act or the Borough Code may permit Baker's § 1983 claim if Port Royal's decision was in bad faith and pretextual based on these two exceptions.

Port Royal's second and third arguments concern the Borough Council's rationale in deciding to dissolve the police department.  In support of these arguments, Port Royal submitted an appendix of exhibits after filing its motion to dismiss.  The exhibits include excerpts from the Meeting Minutes of the Port Royal Borough Council during 2004 and copies of Port Royal's

budget from 2003 through 2006. (doc. 11) Port Royal refers to the content of these exhibits in its motion as evidence that the decision to dissolve the police department was solely a cost-cutting measure. Port Royal contends that we may use the exhibits in evaluating these arguments in the context of a motion to dismiss. We decline to use Port Royal's exhibits at this stage and, instead, provide notice of our intent to convert Port Royal's motion to dismiss to a motion for summary judgment.

When considering documents beyond the complaint, a court typically must convert a motion to dismiss into a motion for summary judgment. Rule 12(b) of the Federal Rules of Civil Procedure provides:

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This conversion requirement ensures "that the motion is governed by the rule specifically designed for the fair resolution of the parties' competing interests at a particular stage of the litigation." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Additionally, conversion provides notice and allows the non-moving party to contest the evidence submitted by the movant. *Id.*

Within this circuit, it is well established that a district court must provide adequate notice of the conversion and allow the parties an opportunity to submit materials to support or oppose summary judgment. *Hilfirty v. Shipman*, 91 F.3d 573, 578 (3d Cir. 1996) (quoting *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989). Notice must be unambiguous, it must "fairly apprise" the parties of the court's intent to convert the motion to dismiss to a motion for summary judgment, and it should be expressly provided by the court. *In Re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 184 F.3d 280, 288 (3d. Cir. 1999). Additionally, courts have incorporated the notice provision of Federal Rule of Civil Procedure 56(c) into the "reasonable opportunity" language of Rule 12(b). *Hancock Indus., Inc. v. Schaeffer*, 811 F.2d 225, 229 (3d Cir. 1987). Therefore, parties are generally entitled to ten days in which to submit material pertinent to the converted motion for summary judgment. *Id.*

Port Royal argues that conversion of its motion to dismiss is unnecessary because the exhibits attached to its motion to dismiss are public records. While conversion is not automatic whenever a district court considers material beyond the pleadings, it is appropriate here. In *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004), the Third Circuit identified the material a court may consider without converting a motion to dismiss: "[C]ourts generally consider only the

9

allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  A document forms the basis of a claim if it is "integral to or explicitly relied upon in the complaint."  *Id.* (quoting *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

While a court may also consider public records without converting a motion to dismiss to a motion for summary judgment, we reject Port Royal's argument that we may do so to establish its rationale for dissolving the police department.  A court may, in limited circumstances, consider matters of public record without converting a motion to dismiss to a motion for summary judgment.  For example, a court may take judicial notice of a prior judicial opinion as a public record in considering a motion to dismiss.  *Lum*, 361 F.3d at 221 n.3.  A court is limited, however, to using the public record to establish the existence of the record, not to establish the truth of the facts contained in it.  *Id.; see also Global Network Commc'ns*, 458 F.3d at 157.  Therefore, "'a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment.'"  *Lum*, 361 F.3d at 221 n.3 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 427 (3d Cir. 1999)).

With this background, we conclude that we cannot consider Port Royal's arguments regarding its rationale for

dissolution without converting the motion to dismiss to a motion for summary judgment.  To support its claim that the decision to dissolve the police department was purely financial, Port Royal explains that its exhibits show that since its decision, it "has neither established a new department nor purchased equivalent police services from an adjacent municipality" and "the disbanding of the Department resulted in an actual and legitimate fiscal saving to the Borough."  (doc. 8, p. 15). Port Royal contends that these exhibits, which are minutes of meetings of Port Royal's Borough Council, and yearly budgetary figures, are public records and, therefore, may be considered public records in evaluating a motion to dismiss.

     As noted, however, even if Port Royal's exhibits are public records, we could not rely on the content of the exhibits to establish the truth of Port Royal's motives without first converting Port Royal's motion to a motion for summary judgment. *See Lum*, 361 F.3d at 221 n.3.  Additionally, Port Royal's exhibits are neither integral to Baker's complaint or explicitly relied upon in the complaint.  Therefore, we reject Port Royal's argument that we may consider its exhibits to establish facts regarding Port Royal's motive for dissolving its police department.

     Finally, Port Royal's argument that Baker failed to state a claim for violation of his due process rights under federal constitutional law would similarly require us to accept

11

its exhibits.  Port Royal argues that a municipality's decision to reorganize or to engage in cost-cutting action does not violate the Fourteenth Amendment despite the existence of a "just cause" rule such as the Borough Code or Police Tenure Act. (doc. 16, p. 8)  Port Royal contends that we must conclude that its decision to dissolve the police department was "an actual and legitimate government reorganization and cost-cutting measure" and, therefore, was not a due process violation.  *Id.* at p. 9.  This argument fails in the context of a motion to dismiss for the reasons discussed above.  Port Royal may present this argument and its supporting exhibits when the court considers its motion for summary judgment.

### *C.  Notice of Conversion of Port Royal's Motion to Dismiss to a Motion for Summary Judgment*

In order to convert Port Royal's Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment, we must provide adequate, express notice to Baker.  Accordingly, the attached order will serve as express notice of our intent to convert Port Royal's motion to dismiss to a motion for summary judgment.  Additionally, we must provide Baker with a "reasonable opportunity" to oppose a converted motion to dismiss.  *Hancock*, 811 F.2d at 229.  Therefore, Port Royal will have fifteen days from the date of this order to submit a supplemental brief and any material pertinent to a Rule 56

motion for summary judgment.  Baker will then have fifteen days to respond with its own brief and materials.

                                                 /s/William W. Caldwell
                                                 William W. Caldwell
                                                 United States District Judge

Date: October 24, 2006

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ANDREW BAKER,                    :

     Plaintiff                 :

     vs.                       :     CIVIL NO. 1:CV-06-0932

BOROUGH OF PORT ROYAL,           :
PENNSYLVANIA
     Defendant                 :

## O R D E R

AND NOW, this 24th day of October, 2006, upon consideration of Defendant's Motion to Dismiss the Complaint, filed July 7, 2006 (doc. 7), based on the accompanying Memorandum, it is hereby ordered that:

    1.  The complaint is amended to remove Count III.

    2.  The parties are hereby notified that Port Royal's motion to dismiss is converted to a motion for summary judgment.

    3.  The parties are granted a period for discovery until November 27, 2006.

    4.  Port Royal shall have fifteen (15) days thereafter to submit a supplemental brief, not to exceed ten pages, and any affidavits, documents or other materials in support of its motion for summary judgment.

    5.  Baker will have fifteen (15) days to respond to Port Royal's submission by filing his own responsive brief, not to exceed ten pages, and any affidavits, documents, or other materials in opposition to Port Royal's motion for summary judgment.

                                 /s/William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge